1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DAVID HEREDIA,

                     Petitioner,

        v.

JOE A. LIZARRAGA, Warden,

                    Respondent.

) Case No. CV 14-6273 JC
)
)
)
) MEMORANDUM OPINION AND
) ORDER DENYING PETITION FOR
) WRIT OF HABEAS CORPUS AND
) DISMISSING ACTION WITH
) PREJUDICE
)
)
)

## I.  SUMMARY

On August 11, 2014, David Heredia ("petitioner"), a state prisoner who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254, with an attached memorandum ("Petition Memo").  Petitioner challenges a judgment in Los Angeles County Superior Court.  On December 12, 2014, respondent filed an Answer and a supporting memorandum ("Answer").[1]  Petitioner did not file a Reply.  The parties have consented to proceed before the undersigned United States Magistrate Judge. ///

---

[1]Respondent concurrently lodged multiple documents ("Lodged Doc."), including the Clerk's Transcript ("CT") and the Reporter's Transcript ("RT").

1    For the reasons stated below, the Petition is denied, and this action is

2    dismissed with prejudice.

3    **II.   PROCEDURAL HISTORY**

4    On June 6, 2012, a Los Angeles County Superior Court jury found

5    petitioner guilty of three counts of oral copulation or sexual penetration of a child

6    ten years of age or younger (Cal. Penal Code § 288.7(b); counts 1, 4 & 7), six

7    counts of sexual intercourse or sodomy with a child ten years of age or younger

8    (Cal. Penal Code § 288.7(a); counts 2, 3, 5, 6, 8 & 9), one count of committing

9    continuous sexual abuse of a child under the age of fourteen (Cal. Penal Code

10   § 288.5(a); count 10), one count of aggravated sexual assault of a child under

11   fourteen years of age by sexual penetration (Cal. Penal Code § 269(a)(5); count

12   11), and two counts of aggravated sexual assault of a child under fourteen years of

13   age by rape (Cal. Penal Code § 269(a)(1); counts 12 & 13).[2]  (CT 52-69

14   [information] 217-29 [verdict forms], 238-43 [minutes]; Lodged Doc. 6 at 2).

15   On July 26, 2012, the trial court sentenced petitioner to a total of 55 years to

16   life in state prison, consisting of a term of 25 years to life on count 2 and two

17   consecutive 15 year to life terms on counts 11 and 13.  (CT 284-94; Lodged Doc.

18   6 at 3).  The court imposed concurrent terms on counts 4-9 and imposed but stayed

19   sentences pursuant to California Penal Code Section 654 on counts 1, 3, 10 and

20   12.  (CT 294-94; Lodged Doc. 6 at 3).

21   On December 9, 2013, the California Court of Appeal, on the stipulation of

22   the parties, vacated the conviction on count 10, further ordered that the judgment

23   be modified/corrected in non-pertinent part, and otherwise affirmed the judgment

24   in a reasoned decision.  (Lodged Doc. 6).  On March 12, 2014, the California

25   Supreme Court denied review without comment.  (Lodged Doc. 8).

26   _____

27   [2]The jury found petitioner not guilty of counts 17-19.  (CT 230-32).  The jury was unable
     to reach a verdict on counts 14-16, and the trial court declared a mistrial on, and ultimately
28   dismissed such counts.  (CT 239, 242; Lodged Doc. 6 at 3).

2

1   **III.   STANDARD OF REVIEW**

2        This Court may entertain a petition for writ of habeas corpus on "behalf of a

3   person in custody pursuant to the judgment of a State court only on the ground that

4   he is in custody in violation of the Constitution or laws or treaties of the United

5   States." 28 U.S.C. § 2254(a).  A federal court may not grant an application for

6   writ of habeas corpus on behalf of a person in state custody with respect to any

7   claim that was adjudicated on the merits in state court proceedings unless the

8   adjudication of the claim:  (1) "resulted in a decision that was contrary to, or

9   involved an unreasonable application of, clearly established Federal law, as

10  determined by the Supreme Court of the United States"; or (2) "resulted in a

11  decision that was based on an unreasonable determination of the facts in light of

12  the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).[3]

13       In applying the foregoing standards, federal courts look to the last reasoned

14  state court decision.  See Smith v. Hedgpeth, 706 F.3d 1099, 1102 (9th Cir.), cert.

15  denied, 133 S. Ct. 1831 (2013).  "Where there has been one reasoned state

16  judgment rejecting a federal claim, later unexplained orders upholding that

17  judgment or rejecting the same claim rest upon the same ground." Ylst v.

18  Nunnemaker, 501 U.S. 797, 803 (1991) (cited with approval in Johnson v.

19  Williams, 133 S. Ct. 1088, 1094 n.1 (2013)); Cannedy v. Adams, 706 F.3d 1148,

20  1158 (9th Cir. 2013) (it remains Ninth Circuit practice to "look through" summary

21  denials of discretionary review to the last reasoned state-court decision), as

22  amended on denial of rehearing, 733 F.3d 794 (9th Cir. 2013), cert. denied, 134

23  S. Ct. 1001 (2014).

24  _____

25       [3]When a federal claim has been presented to a state court and the state court has denied
relief, it may be presumed that the state court adjudicated the claim on the merits in the absence
26  of any indication or state-law procedural principles to the contrary.  Harrington v. Richter, 562
U.S. 86, 99 (2011); see also Johnson v. Williams, 133 S. Ct. 1088, 1094-96 (2013) (extending
27  Richter presumption to situations in which state court opinion addresses some, but not all of
defendant's claims).
28

1  **IV.   DISCUSSION**[4]

2      Petitioner claims he is entitled to federal habeas relief because the trial court

3  erroneously failed to dismiss counts 1-3 which assertedly are lesser included

4  offenses of counts 11-13. (Petition Memo at iii, vi).  The California Court of

5  Appeal – the last state court to issue a reasoned decision addressing this claim –

6  rejected it on the merits on direct appeal. (Lodged Doc. 6 at 6-11).  Petitioner is

7  not entitled to federal habeas relief on this claim.

8      **A.   Background**[5]

9      The information charged three separate, but consecutive, time periods

10  during which the crimes were committed:  September 1, 2009, and August 31,

11  2010; September 1, 2010, and August 31, 2011; and September 1, 2011, and

12  November 19, 2011.  All of the crimes concerned the same victim – N.H.

13      Regarding the time period of September 1, 2009, through August 31, 2010 –

14  which is in issue here – petitioner was charged in count 1 with oral copulation or

15  sexual penetration with N.H., a child, in violation of California Penal Code,

16  Section 288.7(b); counts 2 and 3 with sexual intercourse or sodomy with N.H. in

17  violation of California Penal Code, Section 288.7(a); count 11 with aggravated

18  sexual assault of N.H. by sexual penetration within the meaning of California

19  Penal Code Section 289(a), in violation of California Penal Code, Section

20  269(a)(5); and counts 12 and 13 with aggravated sexual assault of N.H. by rape

21  within the meaning of California Penal Code, Sections 261(a)(2) and (6), in

22  violation of California Penal Code Section 269(a)(1).  Petitioner was ultimately

23  found guilty of all of the foregoing counts, *i.e.*, counts 1-3 and 11-13.

24

25      [4]The Court has read, considered and rejected on the merits all of petitioner's contentions.

26  The Court discusses petitioner's principal contentions herein.

27      [5]The background facts set forth are drawn from the California Court of Appeal's decision

28  on direct appeal. (Lodged Doc. 6 at 4).  Such factual findings are presumed correct.  28 U.S.C.
§ 2254(e)(1).

4

1

    **B.    Pertinent Law**

2

       The Double Jeopardy Clause of the Fifth Amendment provides that no

3

person "shall . . . be subject for the same offence to be twice put in jeopardy of

4

life or limb." United States v. Johnston, __ F.3d __, 2015 WL 3372538 (9th Cir.

5

May 26, 2015) (quoting U.S. Const. amend. V). The Supreme Court has explained

6

that this provision precludes dual convictions in situations where two different

7

statutes define the "'same offense,' typically because one is a lesser included

8

offense of the other." Id. (quoting Rutledge v. United States, 517 U.S. 292, 297

9

(1996)). However, only "where the two offenses for which the defendant is

10

punished or tried cannot survive the 'same-elements' test [set forth in Blockburger

11

v. United States, 284 U.S. 299 (1932)], [does] the double jeopardy bar appl[y]."

12

Smith v. Hedgpeth, 706 F.3d 1099, 1102 (9th Cir.) (quoting United States v.

13

Dixon, 509 U.S. 688, 696 (1993)), cert. denied, 133 S. Ct. 1831 (2013). "[W]here

14

the same act or transaction constitutes a violation of two distinct statutory

15

provisions, the test to be applied to determine whether there are two offenses or

16

only one, is whether each provision requires proof of a fact which the other does

17

not." Blockburger, 284 U.S. at 304; see also Iannelli v. United States, 420 U.S.

18

770, 785 n.17 (1975) ("[T]he Court's application of the test focuses on the

19

statutory elements of the offense. If each requires proof of a fact that the other

20

does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in

21

the proof offered to establish the crimes."). Comparing statutes to determine

22

whether one set of elements is a subset of another requires a purely textual

23

comparison. Carter v. United States, 530 U.S. 255, 260-61 (2000).

24

       Consistent with Blockburger, California courts look to the "statutory

25

elements" to determine whether "the greater offense include[s] all of the statutory

26

elements of the lesser offense," which would make "the latter . . . necessarily

27

included in the former." Smith, 706 F.3d at 1102 (quoting People v. Sloan,

28

42 Cal. 4th 110, 117 (2007) (citation omitted), cert. dismissed, 552 U.S. 1277

1  (2008)); see also People v. Bailey, 54 Cal. 4th 740, 751-52 (2012) (in assessing

2  whether prohibition against multiple convictions of charged offenses has been

3  violated, the legal/statutory elements test is applicable; accusatory pleading test is

4  not applicable) (citation omitted); People v. Moon, 37 Cal. 4th 1, 25-26 (2005)

5  ("Under the elements test, we look to see if all the legal elements of the lesser

6  crime are included in the definition of the greater crime, such that the greater

7  cannot be committed without committing the lesser."), cert. denied, 546 U.S. 1140

8  (2006); People v. Reed, 38 Cal. 4th 1224, 1229 (2006) ("In deciding whether

9  multiple conviction is proper, a court should consider only the statutory elements

10  . . . [O]nly a statutorily lesser included offense is subject to the bar against

11  multiple convictions in the same proceeding.  An offense that may be a lesser

12  included offense because of the specific nature of the accusatory pleading is not

13  subject to the same bar.") (citation and internal quotation marks omitted).

14  **C.  Discussion**

15  Petitioner claims that counts 1-3 are lesser included offenses of counts 11-

16  13 and that the trial court's failure to dismiss counts 1-3, violated state law and the

17  United States Constitution.

18  First, to the extent petitioner claims he is entitled to federal habeas relief

19  based upon an alleged violation of California State law, he is incorrect.  "In

20  conducting habeas review, a federal court is limited to deciding whether a

21  conviction violated the Constitution, laws, or treaties of the United States."

22  Estelle v. McGuire, 502 U.S. 62, 68, 71-72 (1991).  This court will not review a

23  state court's interpretation of its own law unless that interpretation "is clearly

24  untenable and amounts to a subterfuge to avoid federal review of a deprivation by

25  the state of the rights guaranteed by the Constitution."  Knapp v. Cardwell, 667

26  F.2d 1253, 1260 (9th Cir.), cert. denied, 459 U.S. 1055 (1982).  No such showing

27  has been made here.

28  ///

6

1   Second, to the extent petitioner claims that the failure to dismiss counts 1-3

2   violated the United States Constitution, he is not entitled to relief because, as

3   discussed below, the California Court of Appeal reasonably rejected such claim,

4   based on authorities which are consistent with clearly established Supreme Court

5   law.

6        **1.    The Court of Appeal Reasonably Rejected Petitioner's**

7             **Claim That Count 1 Should Have Been Dismissed as a**

8             **Lesser Included Offense of Count 11**

9        Petitioner contends that count 1 (which charged him with engaging in oral

10  copulation or sexual penetration with a child ten years of age or younger between

11  September 1, 2009, and August 31, 2010, in violation of California Penal Code,

12  Section 288.7(b)) is a lesser included offense of count 11 (which charged him with

13  aggravated sexual assault of N.H. by sexual penetration during the same time

14  period, in violation of California Penal Code, Section 269(a)(5)), and that the trial

15  court improperly failed to dismiss count 1.  The Court of Appeal, applying the

16  appropriate <u>Blockburger</u> "statutory elements" test, reasonably determined that

17  count 1 is not a lesser included offense of count 11 and that dismissal thereof was

18  not required.

19       California Penal Code, Section 288.7(b) – a violation of which was charged

20  in count 1 – provides:

21            Any person 18 years of age or older who engages in oral

22       copulation[6] or sexual penetration, as defined in [California Penal

23  ///

24  ///

25  ///

26

27  _____

28       [6]"Oral copulation is the act of copulating the mouth of one person with the
    sexual organ or anus of another person."  Cal. Penal Code § 288a(a).

1   Code,] Section 289[7], with a child who is 10 years of age or younger

2   is guilty of a felony and shall be punished by imprisonment in the

3   state prison for a term of 15 years to life.

4   Cal. Penal Code § 288.7(b).

5   California Penal Code, Section 269(a)(5) – a violation of which was

6   charged in count 11 – provides:

7   (a) Any person who commits any of the following acts upon a

8   child who is under 14 years of age and seven or more years younger

9   than the person is guilty of aggravated sexual assault of a child:  [¶]

10   . . . [¶] (5) Sexual penetration, in violation of subdivision (a) of

11   [California Penal Code,] Section 289.

12   Cal. Penal Code ¶ 269(a)(5).

13   As the Court of Appeal explained, count 1 is not a lesser included offense of

14   count 11 under the elements test because it is possible for a person to violate the

15   statute upon which count 11 is predicated and not necessarily violate the statute

16   upon which count 1 is predicated:

17   "Under the elements test, we look to see if all the legal

18   elements of the lesser crime are included in the definition of the

19   greater crime, such that the greater cannot be committed without

20   committing the lesser."  [Citation]  It is possible for a person to

21   ///

22

23   [7]California Penal Code Section 289(k)(1) provides:

24

25   "Sexual penetration" is the act of causing the penetration, however, slight, of the genital
or anal opening of any person or causing another person to so penetrate the defendant's or

26   another person's genital or anal opening for the purpose of sexual arousal, gratification,
or abuse by any foreign object, substance, instrument, or device, or by any unknown

27   object.

28   Cal. Penal Code § 289(k)(1).

1    violate section 269, subdivision (a)(5), and not necessarily violate

2    section 288.7, subdivision (b).

3         Section 288.7, subdivision (b) is violated by an act of oral

4    copulation or sexual penetration.  Section 269, subdivision (a)(5), is

5    violated only by an act of sexual penetration.  A defendant therefore

6    may violate section 269, subdivision (a)(5), without committing oral

7    copulation, one of acts that may constitute a violation of section

8    288.7, subdivision (b).

9         It is also possible for a person to violate section 269 without

10   satisfying the age requirements for either the violator or the victim set

11   forth in section 288.7.  Under section 269, the violator need only be

12   seven years older than the victim, and the victim must be under 14

13   years of age.  Under section 288.7, the violator must be at least 18

14   years of age, and the victim must be 10 years of age or younger.

15   Section 269, and not section 288.7, may be violated if, for example,

16   the violator is 17 years old.  Similarly, section 269 may be violated if

17   the victim is between the ages of 11 and 14, but a violation of section

18   288.7 requires that the victim be 10 years of age or younger.

19   (Lodged Doc. 6 at 9-10).  This Court agrees with the findings and analysis of the

20   Court of Appeal.

21              **2.    The Court of Appeal Reasonably Rejected Petitioner's**

22                     **Claim That Counts 2-3 Should Have Been Dismissed as**

23                     **Lesser Included Offenses of Count 12-13**

24        Petitioner contends that counts 2 and 3 (which charged him with sexual

25   intercourse or sodomy with a child ten years of age or younger between September

26   1, 2009, and August 31, 2010, in violation of California Penal Code Section

27   288.7(a)), are lesser included offenses of count 12 and 13 (which charged him

28   with aggravated sexual assault of a child under fourteen years of age by rape

9

during the same time period, in violation of California Penal Code Section 269(a)(1)), and that the trial court improperly failed to dismiss counts 2 and 3. The Court of Appeal, applying the appropriate <u>Blockburger</u> "statutory elements" test, reasonably determined that counts 2 and 3 are not lesser included offenses of count 12 and 13 and that dismissal thereof was not required.

California Penal Code, Section 288.7(a) – violations of which were charged in counts 2 and 3, states:

> Any person 18 years of age or older who engages in sexual intercourse or sodomy[8] with a child who is 10 years of age or younger is guilty of a felony and shall be punished by imprisonment in the state prison for a term of 25 years to life.

Cal. Penal Code § 288.7(a).

California Penal Code, Section 269(a)(1) – violations of which were charged in counts 12 and 13 – provides:

> (a) Any person who commits any of the following acts upon a child who is under 14 years of age and seven or more years younger than the person is guilty of aggravated sexual assault of a child:  [¶] (1) Rape, in violation of paragraph (2) or (6) of subdivision (a) of Section 261.[9]

Cal. Penal Code § 269(a)(1).

---

[8]"Sodomy is sexual conduct consisting of contact between the penis of one person and the anus of another person."  Cal. Penal Code § 286(a).

[9]California Penal Code, Section 261(a) provides:

Rape is an act of sexual intercourse with a person not the spouse of the perpetrator under any of the following circumstances:  [¶] . . .  (2) Where it is accomplished against a person's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or another.  [¶] . . . [¶] (6) Where the act is accomplished against the victim's will by threatening to retaliate in the future against the victim or any other person, and there is a reasonable possibility that the perpetrator will execute the threat. . . .

Cal. Penal Code § 261(a).

10

1    As the Court of Appeal explained, counts 2 and 3 are not lesser included
2 offenses of counts 12 and 13 under the elements test because it is possible for a
3 person to violate the statute upon which counts 12 and 13 are predicated and not
4 necessarily violate the statute upon which counts 2 and 3 are predicated:

5              Under the elements test, it is possible for a person to commit
6        aggravated sexual assault by rape of a child who is under fourteen
7        years old and seven years or younger than the person (§ 269, subd.
8        (a)(1)), and not necessarily commit sexual intercourse or sodomy of a
9        child 10 years or younger by a person 18 years or older (§ 288.7,
10       subd. (a)).  It is possible to violate section 269, subdivision (a)(1),
11       without committing sodomy.  Section 288.7, subdivision (a) is
12       violated by an act of sexual intercourse or sodomy.  Section 269,
13       subdivision (a)(1), is violated only by an act of rape.  Section 269,
14       subdivision (a)(1) therefore may be violated without committing
15       sodomy, which would be a factor in determining whether there was a
16       violation section 288.7, subdivision (a).  And, as discussed above, it
17       is possible for a person to violate section 269 without meeting the age
18       requirements of section 288.7.

19 (Lodged Doc. 6 at 11).  This Court again agrees with the findings and analysis of
20 the Court of Appeal.

21              **3.    Summary**

22    For the reasons discussed above, the California Court of Appeal's rejection
23 of petitioner's claim was not contrary to, or an unreasonable application of clearly
24 established Supreme Court authority, and was not based on an unreasonable
25 determination of the facts.  Accordingly, petitioner is not entitled to federal habeas
26 relief.

27 ///
28 ///

11

**V.      CONCLUSION**

IT IS THEREFORE ORDERED that:  (1) the Petition is denied and this action is dismissed with prejudice; and (2) the Clerk shall enter judgment accordingly.

IT IS SO ORDERED.

DATED:  June 16, 2015

_____
/s/

Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

12